78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joan E. PERRY, Petitioner,
v.
NATIONAL CREDIT UNION ADMINISTRATION, Respondent.
 No. 95-3532.
 United States Court of Appeals, Federal Circuit.
 Feb. 20, 1996.
 
 Before ARCHER, Chief Judge, PLAGER, and BRYSON, Circuit Judges.
 DECISION
 BRYSON, Circuit Judge.
 
 
 1
 Joan E. Perry petitions for review of a decision by the Merit Systems Protection Board upholding the abolition of her position through a reduction in force. We affirm.
 
 BACKGROUND
 
 2
 Prior to the events at issue in this case, Perry was employed as Special Assistant to the Board of the National Credit Union Administration (NCUA), grade SSP-1. In early 1994, the NCUA engaged in a review of its organizational structure. The agency undertook two internal studies and commissioned a study by an independent consulting firm to develop strategies for streamlining the agency's operations. In response to the studies' recommendations, Karl Hoyle, the NCUA's Executive Director, proposed a number of personnel restructuring actions to the NCUA Board, one of which involved Perry's SSP-1 position. At its April 20, 1994, meeting, the Board voted to abolish Perry's position as Special Assistant to the Board and to offer her a new position within the office of the Executive Director at a lower grade (CU-15) but with no loss in salary. The new position was to include the responsibilities of the Special Assistant position as well as additional duties.
 
 
 3
 Immediately after the Board meeting, Hoyle notified Perry of the Board's action and offered her the CU-15 position. She did not accept the offer at that time, but expressed unhappiness about the Board's action. On May 10, when Perry still had not accepted the CU-15 position, Hoyle rescinded the offer. He then offered her a position as a grade CU-12 auditor, which Perry accepted. Perry subsequently received a notice that her SSP-1 position was being abolished under reduction-in-force (RIF) procedures. After Perry's reassignment was effected on August 20, 1994, the SSP-1 position was formally abolished. The CU-15 position that Perry had been offered was never created or filled.
 
 
 4
 Perry appealed to the Merit Systems Protection Board, alleging that the RIF action was invalid because her position was abolished for reasons personal to her and not for a legitimate management reason. She also contended that the RIF action was improperly executed and that she was discriminated against because of her age. The administrative judge found that Perry's SSP-1 position was abolished for the legitimate management reasons of agency reorganization and lack of work. The administrative judge also found that the agency had followed the proper RIF procedures, including those requiring notice and reassignment rights, when it abolished Perry's position, and that the agency did not discriminate against Perry on the basis of her age. The full Merit Systems Protection Board denied Perry's petition for review.
 
 DISCUSSION
 
 5
 An agency's decision to conduct a RIF must be sustained if "the reduction in force regulations were invoked for a legitimate reason and [if] those regulations were properly applied to the individual." Gandola v. Federal Trade Comm'n, 773 F.2d 308, 313 (Fed.Cir.1985). Legitimate management reasons include, inter alia, a lack of work and reorganization within the agency. 5 C.F.R. § 351.201(a)(2). The agency, however, may not conduct a purported RIF as a "disguised adverse action" directed at a particular employee. Gandola, 773 F.2d at 312.
 
 
 6
 Perry challenges the administrative judge's finding that the NCUA abolished her position pursuant to a RIF undertaken for legitimate management reasons, and not for reasons personal to her. She asserts that the judge erroneously found that the actions taken by the NCUA Board constituted a "reorganization." She also argues that her position was merely reclassified at the April 20 board meeting and was not abolished until after she expressed unhappiness with the reclassification.
 
 
 7
 * Perry first contends that the actions taken by the NCUA Board at its April 20 meeting were not part of a valid agency reorganization and that the RIF was therefore not conducted for a legitimate management purpose. She argues that the actions approved by the Board constituted personnel adjustments based upon performance and other employee-specific considerations, and that some "favored" employees actually received promotions or salary increases.
 
 
 8
 Regulations promulgated by the Office of Personnel Management define a reorganization as "the planned elimination, addition, or redistribution of functions or duties in an organization." 5 C.F.R. § 351.203. The evidence concerning the NCUA's restructuring program supports the administrative judge's finding that the Board's actions at its April 20 meeting were part of a bona fide reorganization aimed at streamlining the agency's operations. While some employees may have been shifted to existing positions within the agency, there were other actions taken, including the action affecting Perry, that either abolished or restructured particular positions; the administrative judge therefore permissibly found that the restructuring of positions and responsibilities constituted a bona fide reorganization within the meaning of 5 C.F.R. § 351.203.
 
 
 9
 Perry's assertion that some NCUA employees were promoted as a result of the agency reorganization does not buttress her claim. The fact that some employees may benefit from a reorganization while others are subjected to a RIF action does not render the reorganization illegitimate. Taylor v. United States Coast Guard, 20 M.S.P.R. 457, 460 (1984); Copeland v. Department of the Army, 9 M.S.P.R. 348, 350 (1982). Nor was it improper for the NCUA to abolish Perry's position rather than merely reclassifying it. The administrative judge held, and we agree, that the agency's decision to restructure and augment Perry's position into a new CU-15 position was "a management decision beyond the [MSPB's] authority to further review because it is an exercise of the agency's discretion after the invocation of reduction-in-force regulations for a reason that has been found to be permissible."
 
 B
 
 10
 In the alternative, Perry contends that her demotion must be overturned because it was not the product of a bona fide RIF, but was instead a disguised adverse action. Her argument is that the NCUA Board did not abolish her SSP-1 position at its April 20 meeting, but merely downgraded it to grade CU-15. In her view, the position was not abolished until after May 10, when Hoyle rescinded the CU-15 position offer. From that premise, Perry argues that even if the April 20 downgrade was done for legitimate management reasons, the subsequent abolition of her downgraded position was an adverse agency action because it was done for reasons personal to her, to wit, Hoyle's frustration with her delay in deciding whether to accept the CU-15 position and his "disenchant[ment]" with her because of her lack of enthusiasm about the proposed change.
 
 
 11
 The question of what the Board decided at its April 20 meeting is a factual one on which the administrative judge's finding must be upheld if it is supported by substantial evidence in the record. We conclude that substantial evidence supports the administrative judge's determination that the NCUA Board, at its April 20 meeting, did not merely downgrade Perry's SSP-1 position, but decided to abolish the position and to create a new CU-15 position in the Executive Director's office, the duties of which would include significant new responsibilities. See Decker v. Department of Health & Human Servs., 40 M.S.P.R. 119, 127-28 (1989) ("In evaluating whether an agency has properly invoked the RIF regulations due to a change in duties, the [MSPB] must determine whether a change in duties has in fact occurred.").
 
 
 12
 The minutes from the April 20 meeting describe the nature of the Board's action and the reasons for it:
 
 
 13
 Joan Perry has a position where, by her own admission, she doesn't have a lot to do.... Staff is looking at making Joan's position into an assistant in the Executive Director's area. Both Star Mountain [the consulting firm that studied the NCUA] and Mr. Marquis [one of the NCUA officials who conducted an internal study of the agency] emphasized that there is a need for a planning function in this Agency to help budget better.... In addition, the Agency will be moving forward with some kind of an ombudsman program.... The administrative side of the ombudsman function could be handled by Joan Perry. She would continue to do many of the things that she does now, but none of these items support an SSP 1. This position would be a CU 15. The SSP 1 position would be abolished.
 
 
 14
 The administrative judge's conclusion that the Board intended to abolish the SSP-1 position was supported not only by the minutes, but also by live testimony from a person who attended the April 20 meeting. In light of that evidence, we cannot overturn the administrative judge's findings that the Board expressed its intention to abolish the SSP-1 position on April 20 and that the Board's action was not a disguised adverse action, but was motivated by the legitimate purpose of reorganizing the agency to make it more efficient.
 
 
 15
 Because the Board decided to abolish the SSP-1 position on April 20, and not after May 10, as Perry contends, any personal animus that Hoyle may have felt towards Perry because of her attitude regarding the Board's actions could not have affected the decision to abolish the position, and could only have affected Hoyle's decision to rescind the offer of the CU-15 position. If an employee does not enjoy retention or reassignment rights under the RIF regulations, an agency's decision regarding who should fill reorganized positions is not reviewable by the Merit Systems Protection Board, but is committed to the agency's discretion. Dante v. National Science Found., 16 M.S.P.R. 314, 316-17 (1983); see also Gandola, 773 F.2d at 311 (once a valid reason for a RIF has been established, an agency decision "on the composition and structure of the work force reflects the kind of managerial judgment that is the essence of agency discretion, and is not meet for judicial reevaluation"); Moran v. Department of the Air Force, 64 M.S.P.R. 77, 83 (1994) (once an agency makes a bona fide decision to reorganize via a RIF, "the Board lacks authority to review the management considerations underlying the exercise of the agency's discretion, including the decision to preserve or abolish a particular position"). Perry has therefore failed to identify any reversible error committed by the Merit Systems Protection Board in reviewing the agency's action in her case.